[No. 5290.    Decided March 10, 1905.]

JOHN MILLETT, *Appellant,* v. THE PUGET SOUND IRON AND STEEL WORKS, *Respondent.*[1]

MASTER AND SERVANT—NEGLIGENCE—FELLOW SERVANT—INJURY TO EMPLOYEE ENGAGED IN PAINTING ENGINE BY ACT OF TESTER PUTTING THE SAME IN MOTION. Where two employees of the defendant were engaged in painting an engine just completed in defendant's shops, and ceased work to enable another employee to test the engine, and after a short time one of the painters informed the other that the testing was completed and they could return to work, whereupon he proceeded to do so, but the engine tester returned and put the engine in motion thereby injuring the painter's foot in the machinery, the men are fellow servants engaged in a common employment, and the master is not liable.

Appeal from a judgment of the superior court for Pierce county, Chapman, J., entered February 6, 904, upon a verdict rendered in favor of the defendant by direction of the court, after a trial on the merits, dismissing an action for personal injuries sustained by an employee by

1Reported in 79 Pac. 980.

reason of the starting of an engine which he was engaged in painting.    Affirmed.

*Govnor Teats* and *A. H. Garretson,* for appellant, contended, among other things, that when Millett was ordered to go upon the engine to finish the painting he had a right to assume that he was going to a place of safety. *Green v. Western Am. Co.,* 30 Wash. 87, 70 Pac. 310; *Czarecki v. Seattle etc. Nav. Co.,* 30 Wash. 288, 70 Pac. 750; *Goldthorpe v. Clark-Nickerson Lum. Co.,* 31 Wash. 467, 71 Pac. 1091; *Grout v. Tacoma Eastern R. Co.,* 33 Wash. 524, 74 Pac. 665; *Norton Brothers v. Nadebok,* 190 Ill. 595, 60 N. E. 843, 54 L. R. A. 842; *Nelson v. Willey S. S. & Nav. Co.,* 26 Wash. 548, 67 Pac. 237; *Christianson v. Pacific Bridge Co.,* 27 Wash. 582, 68 Pac. 191; *Taylor v. Evansville etc. R. Co.,* 121 Ind. 124, 22 N. E. 876, 16 Am. St. 372, 6 L. R. A. 584.    Scholl, the tester, in control of dangerous machinery, was a vice principal.    *Brabon v. Seattle,* 29 Wash. 6, 69 Pac. 365; *Goe v. Northern Pac. R. Co.,* 30 Wash. 654, 71 Pac. 182; *Bailey v. Cascade Timber Co.,* 32 Wash. 319, 73 Pac. 385; *Morrison v. Northern Pac. R. Co.,* 34 Wash. 70, 74 Pac. 1064.                        .

*Hudson & Holt,* for respondent.    No duty of superintendence of the details of the work is imposed on the master.    2 Labatt, §§ 586, 587, 588; *Ryan v. Cumberland Valley R. Co.,* 23 Pa. St. 384; *Hussey v. Coger,* 112 N. Y. 614, 20 N. E. 556, 8 Am. St. 787, 3 L. R. A. 559; *Besel v. New York etc. R. Co.,* 70 N. Y. 171; *The Queen,* 40 Fed. 694; *Kimmer v. Weber,* 151 N. Y. 417, 45 N. E. 860, 56 Am. St. 630.    The failure to give warning of the starting of the engine could not be anticipated or provided against by the master.    *Capasso v. Woolfolk,* 163 N. Y. 251, 57 N. E. 1021; *Perry v. Rogers,* 157 N.

Y. 251, 51 N. E. 1021; *Vitto v. Farley,* 36 N Y. Supp.
1105. It is not the duty of the master to give warning
of the dangers that may arise in the execution of the de-
tails of the work, and he does not guarantee that a place
will remain safe during the progress of the work. *Siddall
v. Pacific Mills,* 162 Mass. 378, 38 N. E. 969; *McGowan
v. Chicago etc. R. Co.,* 91 Wis. 147, 64 N. W. 891; *Wilson
v. Northern Pac. R. Co.,* 31 Wash. 67, 71 Pac. 713;
*Minneapolis v. Lundin,* 58 Fed. 525; *Bergstrom ). Staples,*
82 Mich. 654, 46 N. W. 1035; *Porter v. Silver Creek etc.
Coal Co.,* 84 Wis. 418, 54 N. W. 1019; *Quigley v. Lever-
ing,* 167 N. Y. 58, 60 N. E. 276, 54 L. R. A. 62. Under
the circumstances of this case it was not the duty of the
master to give warning. *New Pittsburgh Coal etc. Co. v.
Peterson,* 136 Ind. 398, 35 N. E. 7, 43 Am. St. 327;
*Fournier v. Columbian Mfg. Co.,* 70 N. H. 629, 44 Atl.
104; *O'Brien v. American Dredging Co.,* 53 N. J. L. 291,
21 Atl. 324; *Henshaw v. Pond's Extract Co.,* 91 N. Y.
Supp. 177; *Whatley v. Block,* 95 Ga. 15, 21 S. E. 985;
*Davis v. Muscogee Mfg. Co.,* 106 Ga. 126, 32 S. E. 30;
*Wellihan v. National Wheel Co.,* 128 Mich. 1, 87 N. W.
75; *Schroeder v. Flint etc. R. Co.,* 103 Mich. 213, 61
N. W. 663, 50 Am. St. 354, 29 L. R. A. 321. It is not
the duty of the master to protect or warn against dangers
which are transitory. *Meehan v. Speirs Mfg. Co.,* 172
Mass. 375, 52 N. E. 518; *Whittaker v. Brent,* 137 Mass.
588, 46 N. E. 121; 2 Labatt, §§ 587, 588. The danger
that Scholl might turn on the steam at an improper time,
was one of the risks assumed by appellant of which the
master is not required to warn. *Wilson v. Northern Pac.
R. Co., supra; Watts v. Hart,* 7 Wash. 178, 34 Pac. 423,
771; *Cullen v. Norton,* 126 N. Y. 1, 26 N. E. 905; *Taylor
v. Evansville etc. R. Co.,* 121 Ind. 124, 22 N. E. 876, 16
Am. St. 372, 6 L. R. A. 584; Bailey, Personal Injuries,

p. 2993; *Anderson v. Oregon R. & Nav. Co.,* 28 Wash. 467, 68 Pac. 863; *Hawk v. McLeod Lumber Co.,* 166 Mo. 121, 65 S. W. 1022. There is a distinction between construction work and work in handling machinery after it has been placed in operation. *Metzler v. McKenzie,* 34 Wash. 470, 76 Pac. 114; *Murphy v. Boston etc. R. Co.,* 88 N. Y. 146, 42 Am. Rep. 240; *Armour v. Hahn,* 111 U. S. 313, 4 Sup. Ct. 433; *Meeker v. Remington etc. Co.,* 65 N. Y. Supp. 1116; *Fraser v. Red River Lum. Co.,* 45 Minn. 235, 47 N. W. 785; *Colorado Coal etc. Co. v. Lamb,* 6 Colo. App. 255, 40 Pac. 251; 1 Labatt, §§ 29, 268; 2 Labatt, pp. 1375, 1376, § 589. There was nothing in the act of testing akin to the use of the engine; the trial of the engine was one of the last steps in its manufacture and completion. *Murphy v. Boston etc. R. Co., supra.* Under these circumstances, Scholl and appellant were fellow servants engaged in the construction of the engine. *Murphy v. Boston etc. R. Co., Metzler v. McKenzie, Armour v. Hahn, Meeker v. Remington etc. Co., Fraser v. Red River Lum. Co., Colorado etc. Co. v. Lamb, Porter v. Silver Creek etc. Coal Co., supra; Ryan v. McCully,* 123 Mo. 636, 27 S. W. 533; *Sheehan v. Prosser,* 55 Mo. App. 569; *Keith v. Walker Iron etc. Co.,* 81 Ga. 49, 7 S. E. 166, 12 Am. St. 296; *Blazinski v. Perkins,* 77 Wis. 9, 45 N. W. 947; *Fox v. Sandford,* 4 Sneed (Tenn.) 36, 67 Am. Dec. 587; *Daley v. Brown,* 60 N. Y. Supp. 840; *Buckley v. Gould etc. Min. Co.,* 14 Fed. 833; *Wolcott v. Studebaker,* 34 Fed. 8; *Stringham v. Hilton,* 111 N. Y. 188, 18 N. E. 870, 1 L. R. A. 483; *Chapman v. Reynolds,* 77 Fed. 274; *Mann v. O'Sullivan,* 126 Cal. 61, 58 Pac. 375, 77 Am. St. 149. An assurance of safety given by one servant is not binding on the master unless he is a vice principal by virtue of his rank. 2 Labatt, § 596; *Martin v. Atchinson etc. R. Co.,* 166 U. S. 399, 17 Sup.

Ct. 603; *Balch v. Haas,* 73 Fed. 974; *McGowan v. St. Louis etc. R. Co.,* 61 Mo. 528; *Schott v. Onondaga County Sav. Bank,* 63 N. Y. Supp. 631.

PER CURIAM.—The appellant was injured while in the employ of the respondent, and instituted this action to recover damages therefor, alleging in his complaint that the injury was caused by negligence for which the respondent was liable.    The respondent owns and operates machine shops at the city of Tacoma, and, as a part of its business, manufactures logging engines.    The appellant was employed as a helper in its shop, his duties being to assist the machinists with their work, and to perform such labor as did not require special skill and training.    At the time of the occurrence of the injury for which the appellant sues, the respondent had a number of logging engines nearly completed, and was putting on them the final touches, preparatory to turning them out of the shops. The appellant, with another helper, Charles Hurd, was engaged in painting one of these engines, when another employee, John Scholl, came along and notified them that he was about to test the engine on which they were painting, whereupon the appellant and Hurd quit work at the engine.    About forty or forty-five minutes thereafter, Hurd came to the appellant, told him that the tester had finished with the engine on which they were formerly working, and that he might go back and finish the painting. The appellant went to the engine, climbed upon it, and was proceeding with his work, when Scholl came back and put the engine in motion, catching the appellant's foot in the machinery, and crushing it off.

It is the contention of the appellant that both Scholl and Hurd were vice principals as to him, and that the negligence of either of them would be the negligence of the

respondent.   But we know of no principle of law on which this contention can be maintained.   All three of them were working for a common employer, under a common foreman, in a common enterprise, and in connection with each other.   If, under any circumstances, two or more persons working for a common master can be fellow servants, we think they were so in this instance.

Affirmed.